TIMOTHY S. CORY, ESQ.  
Nevada Bar No. 1972  
JASON C. FARRINGTON, ESQ.  
Nevada Bar No. 8063  
**DURHAM JONES & PINEGAR**  
8831 W. Sahara Avenue  
Las Vegas, Nevada 89117  
Telephone: (702) 388-1996  
timcory@corylaw.us

ECF FILED:  4/24/2009

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>KAREN BETH LIPTON,<br>           Debtor. | BK-S-08-19178-MKN<br>Chapter 7 |
| TIMOTHY S. CORY, Chapter 7 Trustee,<br>           Plaintiff,<br>v.<br>KAREN BETH LIPTON,<br>           Defendant. | Adv. Proc. No. 08-01386-MKN<br><br>Date: 05/27/09<br>Time: 2:30 pm |

## MOTION FOR JUDGMENT ON THE PLEADINGS

Timothy S. Cory, Chapter 7 Trustee of the above-captioned bankruptcy estate and Plaintiff in the above-captioned adversary proceeding (the "Trustee"), by and through his counsel, Durham Jones & Pinegar, hereby files this motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Trustee states as follows:

I.    FACTUAL BACKGROUND

Karen Beth Lipton (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on August 15, 2008 (the "Petition Date"). In her bankruptcy schedules, the Debtor stated that her personal residence was 2921 Lotus Hill Drive, Las Vegas, Nevada (the "Real Property"), and that she owned the Real Property.

At her meeting of creditors held on September 24, 2008, the Debtor acknowledged: (a) that on or about March 25, 2008, she had transferred the real Property to the Karen Lipton Trust; (b) that she sold the Real Property in July 2008; and (c) that she received approximately $209,000.00 from the sale of the Real Property. The Debtor's transfer of the Real Property to her trust, the Debtor's sale of the Real Property, and the Debtor's receipt of approximately $209,000.00 from such sale were not disclosed anywhere in the Debtor's Statement of Financial Affairs or Schedules. At her meeting of creditors, the Debtor further testified that the proceeds of the sale of the Real Property were in the form of cash and that she had $200,000.00 in cash at that time. The Debtor failed to turnover the $200,000.00 in cash to the Trustee despite repeated requests. On October 2, 2008, this Court entered an order directing the Defendant to "immediately turnover $200,000.00 to Timothy S. Cory, Chapter 7 Trustee" (the Turnover Order"). The Defendant has failed to comply with the Turnover Order.

On November 24, 2008, the Trustee filed a complaint (the "Complaint") to deny the Debtor's discharge pursuant to section 727 of the Bankruptcy Code. On or about December 16, 2008, the Debtor filed a letter in answer to the Complaint in which she admitted that she sold her residence prior to her bankruptcy filing, but claimed that the proceeds of that sale "are exempt under the homestead act."

## II. LEGAL ARGUMENT

### A. Standard For Judgment On The Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c) (2009). A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Fairbanks North Star Borough v. U.S. Army Corps of Engineers, 543 F.3d 586, 591 (9th Cir. 2008). In deciding a Rule 12(c) motion, courts apply the same standard of review as that applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). When courts decide a motion under Rule 12, they "may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice." Soto v. Diakon Logistics (Delaware), Inc., 2009 WL 690178 (S.D. Cal. March 13, 2009).

### B. Judgment On The Pleadings Is Proper Because The Uncontroverted Allegations In The Complaint Establish That The Debtor Is Not Entitled To A Discharge.

Section 727 of the Bankruptcy Code provides, in relevant part, that the Court shall grant the debtor a discharge unless:

- The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition. 11 U.S.C. § 727(a)(2).

- The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and

3

papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.   11 U.S.C. § 727(a)(3).

- The debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.  11 U.S.C. § 727(a)(4)(A).

- The debtor knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.  11 U.S.C. § 727(a)(4)(D).

- The debtor has refused, in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify.  11 U.S.C. § 727(a)(6)(A).

The Trustee made allegations in the Complaint which, if taken as true, entitle the trustee to a judgment that the Debtor should not receive a discharge under each of the above-cited subsections of Section 727.  Specifically, the Complaint alleged that the Debtor transferred, removed, or concealed, or permitted to be transferred, removed, or concealed, $200,000.00 in cash within one year prior to the Petition Date and after the Petition Date with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under Title 11. The Complaint also alleged that the Debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve books, documents, records, or papers regarding the $200,000.00 and that Debtor's actions with respect to the records relating to the $200,000.00 were not justified under all of the circumstances of this case.  Also, that the Debtor knowingly and fraudulently, in connection with this case, withheld from the Trustee recorded information relating to her property, including the $200,000.00 that she admitted under oath to possessing at the time of the meeting of creditors.  The Debtor filed an answer that did not deny any of these allegations.  The allegations should therefore be taken as true and judgment on the pleadings should be granted.

4

In addition, the Complaint alleged that the Debtor knowingly and fraudulently, in connection with this case, made false oaths or accounts: (1) by stating on her bankruptcy schedules and in her meeting of creditors that the Real Property was her residence on the Petition Date; (2) by failing to include the $200,000.00 on her bankruptcy schedules; (3) by failing to disclose in her Statement of Financial Affairs the prepetition transfer of the Real Property of the Debtor's trust; and (4) by failing to disclose in her Statement of Financial Affairs the prepetition sale of the Real Property.  Not only did the answer filed by the Debtor not deny these allegations, but the Debtor admits that the residence was sold prepetition with the statement:  "I sold my primary residence on July 2nd, 2008 and I filed for bankruptcy on August 15th 2008."

Finally, the Complaint alleged that the Debtor has refused to obey the Turnover Order, which is a lawful order of this Court and that the Turnover Order is not an order to respond to a material question or to testify.  This fact is not denied in the Debtor's answer and, in fact, is clear from the record in the Debtor's bankruptcy case as this Court has ordered that the Debtor is in contempt of this Court for failing to comply with the Turnover Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

### III. CONCLUSION

Taking all the allegations of the parties as true, it is clear that the Debtor sold her home prior to the petition date and has refused to turn over property of the bankruptcy estate. Judgment on the pleadings is therefore appropriate.

DATED this 24th day of April, 2009.

                                      DURHAM JONES & PINEGAR

                                      /s/ Jason C. Farrington      /
                                      Timothy S. Cory
                                      Jason C. Farrington
                                      8831 West Sahara Avenue
                                      Las Vegas, Nevada 89117

                                      Attorneys for the Debtor